NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7181

RONALD E. GOVAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Ronald E. Govan, of Loganville, Georgia, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7181

RONALD E. GOVAN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 10, 2007

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Ronald E. Govan appeals a decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals' (Board) decision that Govan was not entitled to an effective date for a 100 percent disability award earlier than February 25, 2002 for a service-connected generalized anxiety disorder.  <u>Govan v. Nicholson</u>, No. 05-1174 (Vet. App. Feb. 28, 2007).  Because Govan does not present an issue on appeal that falls within the statutory grant of jurisdiction for this court, we <u>dismiss</u>.

## BACKGROUND

Govan is a veteran that served in active duty for the U.S. Marine Corps from July 1971 until March 1975.  In September 1975, he filed a claim for disability compensation

or pension for an anxiety disorder. In January 1976, a Veterans Affairs (VA) Regional Office awarded Govan a 10 percent disability rating for service connection for anxiety neurosis, effective April 1, 1975. After subsequent requests for an increased rating, the VA increased Govan's disability rating to 30 percent effective March 3, 1998, and to 100 percent effective February 25, 2002. Govan filed a notice of disagreement, which he then appealed to the Board. The Board determined that Govan's earlier claims for increased ratings had not been finally adjudicated and that Govan was entitled to a disability rating of 50 percent effective August 1997 through February 2002. The Board also concluded that a disability rating greater than 50 percent was not warranted earlier than February 25, 2002. Finally, the Board considered the VA's duty to assist pursuant to 38 U.S.C. § 5103A and concluded that the VA met its statutory obligations by obtaining all relevant evidence identified by Govan to support his claim.

Govan appealed to the Veterans Court, asserting that the Board erred in finding that the evidence of record did not support more than a 50 percent disability rating prior to February 25, 2002. Govan also alleged that the VA failed to satisfy its duty to assist by not obtaining his Social Security Administration records.

The Veterans Court concluded that the Board's determinations with respect to the appropriate disability ratings and effective dates were not clearly erroneous and that the Board properly concluded that the VA met its statutory obligation to assist the veteran in obtaining all evidence identified by Govan to support his claim. Govan, slip op. at 6-7. This appeal followed.

ANALYSIS

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, unless a constitutional issue is presented, we may not review factual determinations or the application of law or regulation to a particular set of facts. Id. at § 7292(d)(2).

On appeal, Govan contends that the Veterans Court erred by improperly weighing the evidence, failing to address the evidence that supported his claim for an increased disability rating at an earlier date, including evidence of Secondary conditions, and misapplying the standards with respect to the VA's duty to assist Govan in obtaining relevant evidence to support his claim. These issues, however, which relate either to factual determinations or application of law to the facts of the case, are not within the jurisdiction of this court to review. See 38 U.S.C. § 7292(d)(2).

Finally, Govan contends that that his constitutional, regulatory, and statutory rights have been violated by the Veterans Court decision. In further explaining this issue, Govan reiterates his contentions with respect to what the evidence shows in this case. This court must look beyond the appellant's characterization of the issue to determine whether it falls within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed. Cir. 2007); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Having reviewed Govan's contentions, we discern no error of regulatory or statutory interpretation nor a Constitutional issue raised by his allegations.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed.

## COSTS

Each party shall bear its own costs.